FILED
Feb 03, 2021
01:07 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT COOKEVILLE

| | | |
|---|---|---|
| **MICHAEL SLEZAK,** | ) | **Docket No 2020-04-0091** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 20396-2020** |
| **RYDER INTEG. LOGISTICS, INC.** | ) | |
| **Self-Insured Employer,** | ) | **Judge Robert Durham** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case came before the Court on January 25, 2021, for an Expedited Hearing. Mr. Slezak seeks an order that Ryder authorize medical treatment with a physician he chose and temporary disability benefits for thoracic back pain he alleges is due to an injury caused by a co-worker's misbehavior. The Court holds that Mr. Slezak is not likely to prevail at trial in proving entitlement to the requested relief.

### History of Claim

On November 7, 2019, a co-worker playfully ran into Mr. Slezak, striking him in the mid-back.[1] The blow pushed Mr. Slezak several steps forward, but it did not knock him down. After a few days, Mr. Slezak reported mid-back pain to his supervisor. He then talked with Tom Beardsley, Ryder's Safety Manager, whom he said directed him to American Family Care (AFC) for treatment.[2]

Mr. Slezak treated with Nurse Practitioner Daniel Fox at AFC. He complained of worsening mid-back pain that interfered with his sleep. On exam, Mr. Fox noted parascapular tenderness and spasm. He diagnosed back pain, prescribed medication, and placed restrictions, which Ryder accommodated. A week later, Mr. Slezak returned still

---

[1] For the Expedited Hearing, Ryder stipulated that an incident occurred on November 7. The parties also stipulated to a $681.51 compensation rate. Willful misconduct was not a defense.

[2] Mr. Slezak claimed that after he returned, Mr. Beardsley offered a Choice of Physician form. He admitted he agreed to AFC. Mr. Beardsley testified he didn't recall the sequence of events regarding the panel. Ryder submitted an unsigned Choice of Physician form into evidence.

complaining of back pain but wanting to attempt full duty. Mr. Fox released him without restrictions on a trial basis for a week.

One week later, Mr. Slezak returned to AFC and saw Dr. Chris Kromer, a general practitioner. Dr. Kromer noted that Mr. Slezak said his pain was minimal and the exam was normal. He released Mr. Slezak from care to return to full duty. Mr. Slezak disputed these findings, testifying that his pain had worsened.

Mr. Slezak said he attempted full duty, but his pain increased significantly. He told his manager, and they made another appointment with Dr. Kromer for February 10, 2020. Dr. Kromer noted complaints of intermittent thoracic pain without radiation that worsened with work activity. He did not observe any objective abnormalities, and thoracic x-rays were normal. He again released Mr. Slezak from care to return to full duty.

Despite this release, Mr. Slezak told Mr. Beardsley that he did not feel he was able to work at full duty due to his back pain. Mr. Beardsley replied that he would be terminated if he did not return to work. Mr. Slezak refused, and Ryder fired him on February 17.

Ryder later allowed Mr. Slezak to return to Dr. Kromer in April. Mr. Slezak complained of almost continuous intrascapular back pain, but Dr. Kromer did not observe any abnormalities. He diagnosed "unspecified" back pain and once more released him from care to return to full duty. He recommended Mr. Slezak follow-up with his primary care physician.

Instead, he saw an orthopedist, Dr. Ethan Kellum, in May. He told Dr. Kellum that he suffered from thoracic pain that had worsened since the work injury. Dr. Kellum noted full thoracic range of motion, although Mr. Slezak felt pain with palpation or when turning to the left. A thoracic MRI also revealed a mild disc protrusion at T4-5 with minimal cord compression on the left. Dr. Kellum diagnosed thoracic back pain and prescribed steroids and physical therapy.

Dr. Kellum then wrote a letter stating that, based on Mr. Slezak's history of being struck in the mid-back, he felt that "his pain was caused by an [sic] exacerbated" by the work injury.

Mr. Slezak returned in August, and his pain had improved by 90%. On exam, Dr. Kellum noted mild tenderness with palpation and full range of motion with mild pain. He diagnosed "thoracolumbar pain—mostly resolved." Mr. Slezak reported doing "fairly well" in November, although he suffered an exacerbation in physical therapy. Dr. Kellum again diagnosed thoracolumbar pain and continued conservative treatment.

In December, Dr. Kromer responded to a "check-the-box" letter from Ryder, to which it attached the May MRI report. Dr. Kromer checked "no" when asked if he noted any objective findings that were primarily caused or attributable to Mr. Slezak's work injury and if he believed that his April 2020 symptoms were primarily caused by the work incident. He also agreed that he did not intend to "refer" Mr. Slezak through workers' compensation when he suggested that he follow up with his primary care physician, since he did not believe the claimed work injury warranted additional treatment.

Finally, Mr. Slezak testified that he did not work due to the work injury from February 10 until November 7, 2020, when he took another job. However, he admitted that no doctor has taken him off work or placed restrictions since Dr. Kromer's February 10 release. Mr. Slezak admitted his pain was improved but maintained he required continued care with Dr. Kellum.

**Findings of Fact and Conclusions of Law**

Mr. Slezak must present evidence from which this Court can determine that he is likely to prove at trial that he is entitled to medical and temporary disability benefits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). The parties stipulated that a co-worker struck him in the back. The dispute is whether this incident caused his complaints following Dr. Kromer's release.

To prove causation, Mr. Slezak must show to a reasonable degree of medical certainty that his work injury contributed more than fifty percent in causing his continued mid-back pain, considering all causes. "Reasonable degree of medical certainty" means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *See* Tenn. Code Ann. § 50-6-102(14) (2020). Given that the standard requires "medical certainty," causation must be shown through an expert medical opinion. *Id*.

When confronted with conflicting opinions, the Court has discretion to determine which opinion to accept. *Bass v. The Home Depot U.S.A, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (May 26, 2017). When doing so, the Court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Id.*

Here, both Dr. Kromer and Dr. Kellum treated Mr. Slezak several times, and both reviewed the MRI report. Unlike Dr. Kellum, Dr. Kromer is not an orthopedist, but his causation opinion is presumed correct since he was the authorized physician. Tenn. Code Ann. § 50-6-102(14)(E).

3

The Court finds the language the doctors used in giving their opinions to be the critical difference. Dr. Kromer's opinions, as framed by the "check-the-box" letter, track the statutory causation language. Dr. Kellum's opinion does not specifically state whether he believes the work incident was the primary cause of Mr. Slezak's complaints, considering all causes. Dr. Kellum did not have to necessarily use specific statutory language for the Court to find causation. *See Thysavathdy v. Bridgestone Ams. Tire Operations,* No. M2017-01575-SC-R3-WC, 2018 TN LEXIS 313, at *26 (Tenn. Workers' Comp. Panel June 8, 2018). However, if he had used that language, the Court would have given his opinion more weight. The Court holds Dr. Kellum's opinion is not enough to overcome the presumption afforded Dr. Kromer's.[3]

IT IS, THEREFORE, ORDERED THAT:

1. Mr. Slezak's request for additional workers' compensation benefits is denied.

2. This case is set for a Scheduling Hearing on **Thursday, March 23, 2021, at 10:30 a.m. Central Time**. The parties must call 615-253-0010 to participate. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED on February 3, 2021.**

_____

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Resolution Statement
3. Dispute Certification Notice
4. Show Cause Order
5. Request for Expedited Hearing
6. Ryder's Response to Request for Expedited Hearing
7. Motion to Present Witness Testimony by Telephone

---

[3] Even if Mr. Slezak had prevailed on causation, he did not have any medical proof of a disability from working after Dr. Kromer's release. Thus, he still would not have been entitled to temporary disability benefits.

Exhibits:
1. First Report of Injury
2. Employee Choice of Physician Form (unsigned)
3. Notice of Denial and Amended Notice of Denial
4. Mr. Slezak's Affidavit
5. American Family Care Records
6. Job Description
7. Statement of Incident Form
8. Employment Record
9. Fitness for Employment Examination
10. Additional American Family Care Records
11. MRI Report
12.  Dr. Kellum's Records
13. Termination Letter
14. Medical Bills (for identification only)
15. Ryder's Submission of Evidence

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on February 3, 2021.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| **Michael Slezak** | X | X | 422 Winningham Cemetery Road Jamestown, TN 38556 MikeSlezak2111@yahoo.com |
| **Stephen Morton** | | X | stephen@mgclaw.com amber.dennis@mgclaw.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

5



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*